**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) DAVID FISHER, d/b/a A-1 POWER TONGS AND CASING CREWS, and (2) MICHELLE FISHER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 22-CV-00185-TCK-CDL |
| vs. | ) ) | *BIVENS* ACTION |
| (3) PAULETTA CHURCHWELL MANNING, | ) ) | JURY TRIAL DEMANDED ATTORNEY LIEN CLAIMED |
| Defendant. | ) | |

COME NOW the Plaintiffs, David Fisher d/b/a A-1 Power Tongs and Casing Crews, and

his wife, Michelle Fisher, and state:

**JURISDICTION**

1.      This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331 and 2201.


2.  a.   Plaintiff:          David Fisher
                             P.O. Box 1107
                             Bristow, OK  74010

    b.   Plaintiff:          Michelle Fisher
                             P.O. Box 1107
                             Bristow, OK  74010

    c.   Plaintiff:          A-1 Power Tongs and Casing Crews


3.  a.   Defendant:          Pauletta Churchwell Manning
         Official Position:  Special Enforcement Program ("SEP") Agent with
                             the Internal Revenue Service

1

## VENUE

Mr. and Mrs. Fisher reside in Creek County. The Defendant Pauletta Churchwell Manning is a resident of Tulsa County. Upon information and belief, all of the operative facts of this case took place within the Northern District of Oklahoma.

## FACTS

From on or about June 13, 2016 to on or about November 8, 2021, Pauletta Churchwell Manning intentionally and without any legal justification caused the criminal investigation, indictment, and prosecution of David Fisher and A-1 Power Tongs for approximately five years until the criminal case against him was ultimately dismissed on November 8, 2021. The individual plaintiffs have suffered mental anguish, pain and suffering, a loss of income, and expenses exceeding $500,000.00. The Corporate plaintiff has suffered a significant loss of income.

The United States had claimed that Defendant David Ellis Fisher's ("Fisher") tax returns were materially false in that they substantially under-reported the gross receipts from his business A-1 Power Tongs & Casing Crews, LLC ("A-1 Power Tongs") for the tax years 2013, 2014, and 2015. Mr. and Mrs. Fisher filed joint tax returns. The charge was entirely based upon the assumption that Fisher did not tell his bookkeeper or tax preparer about a new Arvest Bank account he opened in 2013. It contained significant business deposits.

The testimony of Fisher's bookkeeper Theresa Prewitt ("Prewitt") and tax preparer Karey Vann ("Vann") (Prewitt and Vann are also referred to herein as Fisher's accountants), shows the dealings between the IRS agent and Fisher's accountants. If the IRS agent had performed correct audit procedures, this case would not have been referred for prosecution. Due to the deceptive dealings between the IRS agent, Prewitt, and Vann, the case was referred for criminal prosecution.

One of the IRS audit techniques is to reconcile the net income per the profit and loss statements to net income per the tax return.  If the IRS agent had reconciled the net income per the financial statements to the net income per the tax return, it would have shown the following:

|  | **2014** | **2015** |
|---|---|---|
| 1) Net Income per Profit and Loss Statement | $115,391.00 | $167,748.00 |
| 2) Net Income per Schedule C | $ 82,846.00 | $53,106.00 |
| Additional Expenses per Tax Return | $32,545.00 | $114,642.00 |

The additional expenses of $147,187.00 ($32,545.00 + $114,642.00) were Arvest Bank account expenses that Prewitt and Vann expensed and listed on his tax returns, showing that they absolutely knew about the Arvest Bank account. Mysteriously, the 2013 financial statements prepared by Prewitt and Vann have disappeared, depriving Fisher the opportunity to review the 2013 financial statements so far.

Fisher was ultimately fired by Vann. Fisher's new accountant, Connie Bennett ("Bennett"), requested that Vann furnish Fisher's documents to her. **What miraculously appeared was the Arvest Bank 2015 check register that Fisher gave to Prewitt, and Prewitt gave to Vann and then Bennett** (**Exhibit B**). Check #1309 from the Arvest check register in the amount of $21,121.00 and written on Arvest Bank account also miraculously appears on the 2015 financial statements prepared by Prewitt and Vann (**Exhibit C**).  Fisher told his accountants all about the Arvest bank account.

It is plain that Prewitt and Vann knew about the Arvest Bank account. The IRS simply accepted the accountants' statements that they did not know about the Arvest Bank account. Manning seized upon Prewitt's and Vann's statements that they were not aware of the Arvest Bank account instead of performing correct audit procedures.[1]  (**Exhibit D**)

---

[1] Prewitt Grand Jury testimony dated February 4, 2020, and statements dated February 21, 2017 and June 15, 2017.
  Vann Grand Jury testimony dated February 4, 2020, and statement dated February 21, 2017.  Collectively attached herein as Exhibit D.

Furthermore, Fisher provided all of his customers' 1099's to Prewitt and Vann. As Prewitt and Vann were in charge of preparing his financial statements, they (as well as Agent Manning) should have reconciled the 1099's. Reconciliation of the 1099's shows $324,238.23 was deposited into the Arvest Bank Account during the years 2013, 2014, and 2015.  Providing the 1099's to Prewitt and Vann proves Fisher was not hiding his bank accounts as alleged by the IRS.

The 2014 Tax returns prepared by Prewitt and Vann showed a Section 179 deduction for a Peterbilt with a cost of $17,500.00 and a 2006 Chevrolet C6500 with a cost of $17,500.00. These items were expensed on the tax returns and purchased with Arvest Bank cashier's checks.  Banks only provide cashier's checks for customers with accounts at their institutions containing sums in excess of the amount of the checks.

Chris Lopp, Fisher's expert economist, has reviewed Fisher's tax returns for 2013, 2014, and 2015. His opinion is that Fisher over-reported his income in 2013 in the amount of $231,336.00, in 2014 in the amount of $37,773.00, and in 2015 in the amount of $27,803.15, based upon his analysis of IRS statistics for similar businesses.

Fisher has just recently learned that Prewitt, Fisher's previous bookkeeper, has embezzled over $300,000.00 from one of Prewitt's and Vann's clients, Mickey Moore, starting in 2012.[2]  The case is with the Creek County District Attorney's Office. During this same period, Manning had secret meetings with Taxpayer's accountants, directing Fisher's accountants not to divulge or even discuss the meetings with Fisher even though Fisher's accountants were supposed to be representing him (they held his Power of Attorney ("POA")). The government allowed the IRS

---

[2] Prewitt also embezzled from James Halford. The case is with the Creek County District Attorney's Office, who is determining who the other victims of Prewitt were.  Amazingly, she also embezzled from Defendant Fisher!  Fisher's accounts are still being analyzed, but he remembers Prewitt asking once for $500.00 for her grandchild's cheerleading efforts.  Neither the second, third, fourth, or fifth check in the same amount, for allegedly the same purpose, was authorized. They were stolen from Fisher. Prewitt also wrote an almost $10,000.00 check, allegedly for Fisher's computer software. Mr. Fisher does not own a computer.

4

agent to continue her pursuit of Fisher even after it received a 216-page report regarding Manning's misdeeds, which should have resulted in her termination and immediate criminal prosecution.[3]

The government had to prove Fisher's willfulness in filing allegedly false tax returns. About one month after receiving the CTRs issued by Arvest Bank, Manning was already discussing the Fisher case with the IRS' expert in the criminal case, IRS Criminal Agent Brian Miller. Miller undoubtedly told Manning the bookkeeper and tax preparer must have had no knowledge of the Arvest Bank deposits to prove willfulness. The check register, the failure to recognize the significance of the Arvest Bank cashier's checks, and the placement of $147,187 of Arvest Bank expenses on his tax returns destroyed any case for criminal willfulness.

The allegations by Fisher's accountants and the IRS agent that they were not aware of the Arvest Bank account had a nice ring to it and Manning, Prewitt, and Vann grabbed on, not because it was true, but because they needed some excuse to cover up their own misconduct. The IRS pursuit throughout the criminal case was a shameless attempt to cloak its investigation in legitimacy, however transparent that cloak might have been. This legal "fig leaf," therefore, is easily blown away, as demonstrated by just a smattering of Fisher's evidence as presented.

**CLAIM FOR RELIEF –
BIVENS CLAIM**

Pauletta Churchwell Manning was, at one point, the only Special Enforcement Program agent in the Tulsa office. The Plaintiff David Fisher used large amounts of cash to run his business and a Currency Transaction Report (CTR) was generated by his bank and landed on the desk of Pauletta Churchwell Manning. Upon information and belief, at about that same time, Ms. Manning became aware she was under criminal investigation by her employer, the Internal Revenue Service. In causing the criminal prosecution of the Plaintiff David Fisher, Manning:

---

[3] Assistant United States Attorney Charles McLaughlin said he will indict Manning after the Fisher case is concluded.

1) racially profiled the Plaintiff (he is of Lebanese descent),

2) improperly influenced the testimony of Plaintiff David Fisher's bookkeeper and tax preparer,

3) destroyed documents and evidence and falsified documents,

4) ignored evidence exculpatory for Mr. Fisher,

5) failed to conduct routine Internal Revenue Service practices which would have exonerated Mr. Fisher, and

6) violated the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, premises considered, Plaintiffs request that this Court award the Plaintiffs an amount in excess of $75,000.00, and their costs and attorney fees, and such further relief the Court deems just.

Respectfully submitted,

 /s/  G. Steven Stidham
G. Steven Stidham, OBA #8633
StidhamLaw, P.C.
406 S. Boulder Avenue, Suite 800
Tulsa, OK  74103
T: (918) 707-8800/F: (918) 707-8808
E: gstidham@stidhamlawpc.com

*and*

John M. Thetford, OBA #12892
Evan M. McLemore, OBA #31407
Levinson, Smith & Huffman
1743 E. 71st St.
Tulsa, OK  74136-5108
T: (918) 492-4433 | F:  (918) 492-6224
E: j.thetford@lsh-law-firm.com
E: evan.mclemore@lsh-law-firm.com

***Attorneys for Plaintiffs***

6