IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID FISHER; and
MICHELLE FISHER,[1]

      **Plaintiffs,**

v.

PAULETTA CHURCHWELL
MANNING,

      **Defendant.**

Case No. 22-CV-00185-SEH-MTS

## OPINION AND ORDER

Before the Court is Defendant Pauletta Churchwell Manning's motion to dismiss and memorandum of points and authorities in support of the motion to dismiss. [ECF Nos. 25 & 26]. For the reasons stated below, the motion is granted.

**I. Background**

Plaintiffs assert one cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendant Pauletta Manning, special enforcement program agent with the

---

[1] The complaint does not make it entirely clear what individuals and/or entities are actual plaintiffs in this action. The case caption of the complaint lists David Fisher "d/b/a A-1 Power Tongs and Casing Crews," but Paragraph 2 lists A-1 Power Tongs and Casing Crews as a separate party. This discrepancy does not impact the Court's ruling.

Internal Revenue Service. [ECF No. 1]. Plaintiffs' claim stems from an investigation by Agent Manning into Plaintiff David Fisher's tax returns for tax years 2013–2015. [*Id.* at 2]. Plaintiffs allege that Agent Manning "1) racially profiled the Plaintiff (he is of Lebanese descent), 2) improperly influenced the testimony of Plaintiff David Fisher's bookkeeper and tax preparer, 3) destroyed documents and evidence and falsified documents, 4) ignored evidence exculpatory for Mr. Fisher, 5) failed to conduct routine Internal Revenue Service practices which would have exonerated Mr. Fisher," all in violation of Plaintiffs' Fourth and Fourteenth Amendment rights. [ECF No. 1 at 5–6].[2]

In response, Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). [ECF No. 25]. Defendant argues that Plaintiffs' *Bivens* claim fails because it impermissibly presents a new *Bivens* context, and there is an alternative remedial scheme for claims of misconduct against IRS officials. Plaintiffs did not respond to the motion to dismiss. Nevertheless, the Court will address the merits of the motion.

---

[2] Even if Plaintiffs could maintain a *Bivens* action, they could not proceed under the Fourteenth Amendment because it applies to state action, not federal officers. *See Yarclay v. Averitt*, No. CIV-22-445-G, 2022 WL 20701862, at *1 (W.D. Okla. July 8, 2022) (collecting cases), *report and recommendation adopted*, 2023 WL 6302180 (W.D. Okla. Sept. 27, 2023).

## II. Discussion

### A. Standard

A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "There is a low bar for surviving a Rule 12(b)(6) motion to dismiss," and a case "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 814–15 (10th Cir. 2025) (cleaned up).

The facts alleged in the operative pleading are accepted as true and viewed in the light most favorable to the non-moving party. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice*, 861 F.3d at 1104–05.

Additionally, conclusory allegations need not be accepted. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001).

"[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Plaintiff's *Bivens* Claim

In *Bivens*, the Supreme Court "authorized a damages action against federal officials for alleged violations of the Fourth Amendment." *Egbert v. Boule*, 596 U.S. 482, 486 (2022). However, the Court has repeatedly declined to allow a private cause of action for "other alleged constitutional violations." *Id*. (citing 11 examples of the Court declining to extend *Bivens*). The Tenth Circuit also routinely emphasizes how disfavored *Bivens* actions are, going as far as to say that these claims are "all but dead." *Rowland v. Matevousian*, 121 F.4th 1237, 1241–42 (10th Cir. 2024); *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (reading *Egbert* as standing for the proposition that a *Bivens* action is "impermissible in virtually all circumstances."). Indeed, the "Supreme Court has not recognized a *Bivens* claim since 1980, and it has unambiguously stated that 'if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution.'" *Rowland*, 121 F.4th at 1242. (quoting *Egbert*, 596 U.S. at 502).

Although *Bivens* actions are disfavored, the Court must still conduct a two-step inquiry to determine whether Plaintiffs' claim is cognizable. First, the Court must examine whether Plaintiffs' case "arises in a new *Bivens* context,

4

or in other words, analyze whether [Plaintiffs'] case is 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id*. Second, the Court must "consider whether there are special factors suggesting that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id*. (quotation marks omitted). As a part of the second step, the Court "must ask whether there are alternative remedial schemes in place that address the plaintiff's complaints." *Id*. at 1243. Notably, "[i]f there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert*, 596 U.S. at 493 (quotation marks omitted). In this case, there is an adequate alternative remedial scheme in the Internal Revenue Code that addresses Plaintiffs' complaints. That is reason enough to grant Defendant's motion, so the Court declines to determine whether Plaintiffs' claim sets forth a *Bivens* claim in a new context.

Defendant argues that the Internal Revenue Code provides an adequate alternative remedial scheme that prohibits Plaintiffs from bringing a *Bivens* claim. [ECF No. 26 at 10–12] (citing the civil action created in 26 U.S.C. § 7433 as the "'exclusive remedy' for recovering damages resulting from actions 'in connection with any collection of federal tax with respect to a taxpayer.'"). The Court agrees. The Tenth Circuit has "held that, in light of the comprehensive

5

administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions." *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) (discussing the remedial scheme set out in the Internal Revenue Code); *see also Andrews v. Geithner*, No. 11–cv–01366–MSK–KLM, 2012 WL 715607, at *2 (D. Colo. Mar. 5, 2012) (adopting recommendation of Magistrate Judge and relying on *Dahn* for the broad proposition that nothing in the rule announced in *Dahn* "differs depending on the nature of the wrongdoing allegedly committed by the IRS agents."). Although these cases were decided before *Egbert*, they are consistent with the two-step analysis the Court must conduct.

Because Plaintiffs' *Bivens* claim is brought against an IRS agent, and because there are alternative remedial structures in place to deter constitutional violations by IRS agents, Plaintiffs have failed to state a claim upon which relief may be granted. Therefore, the action must be dismissed. The remaining question is whether this action should be dismissed with or without prejudice. Dismissal with prejudice "is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (quoting *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014)). Plaintiffs' entire claim relies on the viability of a *Bivens* action against an IRS

6

agent. Because *Bivens* actions are simply not viable in these circumstances, amendment would be futile. Therefore, this action is dismissed with prejudice.

### C. Remaining Issues

Because the existence of an alternative remedial scheme for Plaintiffs' complaints is an independent reason to dismiss this case, the Court declines to address the additional grounds for dismissal raised in Defendant's motion. The Court also notes that Plaintiffs were previously ordered to show cause why the claims against Defendant should not be dismissed for failure to properly serve Defendant, and that Plaintiffs responded to the Court's order. [ECF Nos. 19 & 20]. But because this action is dismissed upon Defendant's motion, the service issue is moot.

## III. Conclusion

For the reasons stated above, Defendant's motion to dismiss is GRANTED. This action is hereby DISMISSED WITH PREJUDICE. A separate judgment will be entered.

DATED this 21st day of March, 2025.

_Sara E. Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE